

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

CIV 14-290-RAW

Carlton L. Willis

Plaintiff,

v.

Discover Card Corporation

Defendant.

PLANTIFF CARLTON WILLIS' OPENING BRIEF IN SUPPORT

OF MOTION FOR COMPENSENTARY AND PUNITIVE DAMAGES

AGAINST DISCOVER CARD CORPERATION

Carlton L. Willis
Plaintiff, Pro Se
M.A.C.C.
P.O. Box 220 A-S-134

July 15, 2014

# STATEMENT OF JURISDICTION

The Plaintiff's cause of action arises under a willful violation of 15U.S.C. section 1681h, or in the alternative, negligence under 15 U.S.C. section 1681s-2(b) The plaintiff files this motion in the Eastern District of Oklahoma which has jurisdiction over claims arising under these statutes.

## STATEMENT OF THE ISSUES

**I.     Discover Card Corporation committed a willful violation of 15 U.S.C. 1681s-2(b) by reporting inaccurate information to Credit Reporting Agencies and failing to investigate disputed information.**

**II.    Discover Card Corporation committed a willful violation of the Fair Credit Reporting act (Hereafter referred to as the F.C.R.A.) 15 U.S.C. 1681 (h), by willfully, and maliciously providing false information to all three credit bureaus**

## STATEMENT OF THE FACTS

On March 29th 2014, the plaintiff received a letter stating that his account was under investigation for suspected fraud. He was ordered to remove all authorized buyers. On the same day, Plaintiff spoke with a Fraud Supervisor named Megan (ID#MAAUFFIM). The Fraud Supervisor informed him that he needed to remove all authorized buyers and verify his identity. He faxed all requested information, and at 7:31 P.M. of that day, the account was reopened. At 7:54 P.M of that day, the plaintiff called back and was told that Discover had received information that the plaintiff was a fraud. The call was then ended.

On April 8th, Discover sent a letter to plaintiff's family members requesting information on the account (See Plaintiff's Exhibit Y and Z).

On April 15th Plaintiff accessed his Credit Report on Experian.com and discovered that the payment history for his Discover accounts ending in 0657, 4656 had been removed.

On April 19th 2014, Plaintiff received a letter from Discover informing him that they had received his power of attorney for Bruce Hancock Jr. Shortly after that, Plaintiff sent in requested identity information to Discover Card Corporation, which included a Sworn Affidavit copy of his Consolidated Record Card from the Oklahoma Department of Corrections, and a copy of his Social Security Card to establish his identity with the Discover Card Corporation (See Plaintiff's Exhibit G and X regarding the authorized users)

On April 23rd 2014, Plaintiff received a letter from Capital One regarding a restriction placed on his account. This restriction was later revealed to have been placed because of information received by Capital One from another financial institution alleged in the Plaintiff's complaint to be Discover (See Plaintiff's Exhibits R and Z)

On April 30th Plaintiff made a complaint with the Consumer Protection Bureau regarding Discover's actions. (See Plaintiff's Exhibit Q and S)

On May 2nd 2014, Discover transferred his old accounts ending in 0657, and 4656 to new accounts ending in 6174, and 9450.

On May 3rd 2014, new cards were ordered for these accounts

On May 4th 2014, these accounts were again closed by Discover's Fraud Department

On May 6th 2014, Plaintiff received a letter notifying him that Discover had completed its investigation into his account and concluded that no fraud occurred. His original accounts were reopened according to Account Manager Holly Estep. (See Plaintiff's Exhibit C).

On May 9th 2014, Plaintiff sent a letter to Discover complaining about the mismanagement of accounts. (See Plaintiff's Exhibit W) He also executed a

sworn Affidavit swearing that he was in fact the cardholder on the account. (See Plaintiff's Exhibit D).

On May 12th 2014, both accounts were reopened by Discover manager Holly Estep.

On May 14th 2014, Both Accounts were closed by the Executive Office of Discover

On May 28th 2014, the Plaintiff received a letter from Discover stating that his accounts were closed due to questions of identity and employment.

On June 10th 2014, Plaintiff received a letter from Capital One regarding his accounts. The letter informs Plaintiff that restrictions are being placed on his account due to information received from another financial institution. (See Plaintiff's Exhibit Z)

On June 17th 2014, Plaintiff attempted to resolve the situation with Discover by talking with their customer agent Tashi, ID# 16588

**Argument**

## **Proposition One**

Plaintiff contends that Discover Card Corporation (hereafter referred to as the Defendant) violated Title 15 U.S.C. section 1681 s-2(b) which states that "furnishers of credit information have a duty to investigate a dispute only after receiving notice from a CRA"   The Defendant maintains that they did investigate Plaintiff's dispute after receiving notice from the Consumer Financial Protection Bureau. This would normally preempt the claim, but Plaintiff contends that the Defendant did not fully discharge their duties under this section. Plaintiff contends that the Defendant's failed to act by allowing an inaccurate credit report to go uncorrected. (See Plaintiff's Exhibits A, B, and C). The accounts ending in 0657, and 4656 were removed thus establishing an inaccurate credit report. (Compare Plaintiff's Exhibit A and B).  If the Defendant's did investigate the disputed information, as their duty required, they would have discovered their mistake and corrected it.

They did not. The payment histories and the accounts continued to not appear on Plaintiff's credit report until recently, when they reappeared as accounts closed by consumer request (See Plaintiff's Exhibit N). In the case,

Johnson v. MBNA, (2004 WL 243404 (4th Circuit, VA.), the creditor, MBNA, limited its investigation to a review of the computer record. This appears to be what the Defendant has done in this case. However in the MBNA case, the court rejected the argument of MBNA that the content of an investigation is not regulated by the act so long as some investigation is done. The court ruled that the word 'investigation' itself co notates a careful inquiry. So the review has to be reasonable. **The Defendant's so called investigation into this matter was not a careful inquiry as the law requires. In addition, the disputed information, and the Defendant's refusal to either provide information or furnishing incorrect information, leaves an ongoing violation in effect. It establishes strong evidence that the Defendant's failed to even investigate the disputed information.** The Defendant has been notified by a Consumer Reporting Agency (The CFPB, Experian, and Equifax) (Also see, Plaintiff's Exhibit of a dispute in information, and they continue to leave the inaccurate report unattended. This gives the Plaintiff a private cause of action under section 1681 s-2(b).

### Proposition Two

Plaintiff contends that Defendant also has a cause of action under the section of the Fair Credit Reporting Act 1681h which states in part, that "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681 g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report **except as to false information furnished with malice or willful intent to injure such consumer** .(Emphasis Added.)

Plaintiff contends that the Defendant's actions from March until July of 2014, were committed with malice and a willful intent to injure the Plaintiff. The Defendants not only left inaccurate information on the report's they actively revealed their intention to "thwart consciously (Plaintiff's) right to have inaccurate information removed promptly from his report. (Stevenson v. TRW Inc., 987 F.2d 288, 294 (5th Cir. 1993). The Defendant's began

investigating the Plaintiff's account for suspected fraud in March of 2014. The investigation cleared the Plaintiff of fraud in May of 2014, however, the Defendant's refused to reopen the Plaintiff's accounts, and instead set up a suspense account to collect the balance of the payments due to the accounts. Then they reopened the accounts and **credited the accounts with $20 payments for their error.** Then they closed the accounts again, shortly after the Plaintiff made his complaints to the Consumer Financial Protection Bureau. A manager attempted to reopen the accounts suggesting that she agreed with the Plaintiff's course of action, but her bosses at the Executive office ordered the accounts closed again. During the course of this investigation, the Defendant's stopped reporting the payment history on either the regular accounts (the accounts ending in 4656 and 0657). They also failed to report the replacement accounts (9450 and 6174) until July of 2014 when they reported the accounts, but reported them inaccurately. When the dispute arose between the Plaintiff and the Defendant the Defendant than **willfully and maliciously gave false information to the CRA's (CFPB, Equifax, and Experian) by stating that the information was correct. The information cannot be correct because the correct information, the account history, is not even being reported. The**

**Defendant's are continuing to pursue this course of action willfully and maliciously.**

In addition, the Plaintiff contends that the Defendant willfully and maliciously spread false information to other creditors the Plaintiff was doing business with. To prove this claim, the Plaintiff references a letter he received from Capital One on June 10, 2014. (See Plaintiff's Exhibit Z) The letter states in part, **"We regret to inform you that we have permanently closed your account from further use. We have taken this action, because a past or present account maintained by you at another financial institution has been used in a manner inconsistent with the terms of your Customer Agreement or with expected account behavior."** Plaintiff maintains that this letter references the false information that the Defendant spread **willfully and maliciously.** In addition, Plaintiff's account with Well's Fargo was closed on April 2, 2014 due to what Well's Fargo calls a business decision. (See Plaintiff's Exhibit Y). **However, Plaintiff maintains that again, this so called "business decision" was really a reaction to information spread falsely by the Defendant.** These actions defamed and harmed the Plaintiff's credit and good name. The intent behind this spread of false information was to damage the Plaintiff's credit in retaliation for the complaints filed against the

Defendant. In the March Experian report, before this claim began, the credit report was accurate. However, after Plaintiff made his complaint, payment histories disappeared from his credit. After Plaintiff continued to dispute the information for several months with the CRA's (Equifax, Experian, and the CFPB) the payment histories re-appeared. However, they are still inaccurate. In addition the Plaintiff no longer has his accounts at Capital One and Well's Fargo, where he was a customer in good standing until this defamation was published by the Defendant. This inconsistent back and forth with the reporting of the Credit data and the false information provided to other furnishers and credit providers **proves that the Defendants are willfully and maliciously damaging the Plaintiff's credit with false information in violation of the Fair Credit Reporting Act section 1681 (h).**

## Conclusion

The Plaintiff maintains that he has suffered not only damaged credit, as evidenced by his Credit reports, and closed accounts at various financial institutions. In addition, he has suffered severe emotional distress at the loss of his good credit. Defendant's actions were **malicious and willful, and**

this false spread of inaccurate information has severely harmed the Plaintiff.

**WHEREFORE, Plaintiff requests that the court order the Defendants to pay:**

1. Actual damages of $1,000 as allowed by U.S.C. 1681(n)

2. Punitive Damages of $150,000 for Plaintiff's pain and suffering

3. Attorney Fees and Court Fees incurred by the Plaintiff in this action.

4. Open all Discover Account's and report accurate information to Credit Bureau's and add all authorized buyers back on accounts.

## Verification

Eastern District of Oklahoma

**Destination**

I, Carlton Willies, do affirm, attest and state the following:

- That I am the Plaintiff in the foregoing to which this instrument is attached

- That I have read same and do state the contents to be true to the best of my knowledge, belief and memory

- That I am aware of the penalties of perjury should any deliberate false statements be made by me and that I stae no more.

/s/ Carlton L. Will

Affiant

Signed and affirmed before me this, __16th__ day of __July__, 20__14__

By: __Carlton Willis__

/s/ __Dianna Eldridge__

Notary Public

My Commission Expires: __Aug. 25, 2015__

Commission Number: __11007878__

## **CERTIFICATE OF MAILING**

I certify that I mailed a true and correct copy of the above and foregoing document with postage fully paid, addressed to:

Federal Eastern District Court of Oklahoma
208 U.S. Courthouse
101 N. 5th St, P.O. Box 607
Muskogee, OK 74402-0607

/s/ Carter J. Witt 222612