# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

Carlton L. Willis,

    Plaintiff,

v.

Discover Card Corporation,

    Defendant.

Case No. 14-CIV-290-RAW

## ORDER

    Before the court is Plaintiff's Motion for Temporary Injunction [Docket No. 11]. Plaintiff's motion states that two employees of the Oklahoma Department of Corrections (DOC) are threatening to interfere with his ability to pursue his claim in the instant case. This case was filed on July 18, 2014 against Discover Card for allegedly reporting inaccurate information to credit reporting agencies.

    The court has carefully reviewed the record and construes Plaintiff's pleadings liberally. Haines v. Kerner, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

    The two DOC employees named in the motion are not parties to this lawsuit. Rule 65 of the Federal Rules of Civil Procedure provides who can be bound by an injunction:

> (2)    *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:
> (A)    the parties;
> (B)    the parties' officers, agents, servants, employees, and attorneys; and

> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Rule 65(d)(2), F.R.C.P. The two DOC employees are not parties to this lawsuit, nor are they an officer or agent of the credit card Defendant. Further, no facts have been alleged that these two DOC employees are "in active concert or participation" with the Defendant. From a generous reading of the motion, the allegations against the two DOC employees relate to Plaintiff's administrative grievances while incarcerated.

Further, there are four elements that must be proven for a party to obtain a permanent injunction: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. Fisher v. Okla. Health Care Auth., 335 F.3d 1175, 1180 (10th Cir.2003). The criteria to obtain a preliminary injunction is "remarkably similar." "The only measurable difference between the two is that a permanent injunction requires showing actual success on the merits, whereas a preliminary injunction requires showing a substantial likelihood of success on the merits." Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 822 (C.A.10, 2007). The elements required for a preliminary or permanent injunction have not been satisfied here.

The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990); Lorraine

v. United States, 444 F.2d 1 (10th Cir. 1971).

Plaintiff's Motion for Temporary Injunction [Docket No. 11] is DENIED.

Dated this 11th day of September, 2014.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA